IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMIRO GARCIA,

       Petitioner,                       No. 2: 09-cv-1166 JAM KJN P

   vs.

MIKE McDONALD,

       Respondent.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 4, 2010, respondent filed a motion to dismiss. Petitioner did not file an opposition. Local Rule 230(*l*) provides in part: "Failure of the responding party to file a written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Accordingly, on June 9, 2010 petitioner was ordered to show cause within twenty-one days why respondent's motion should not be granted. Twenty-one days passed and petitioner did not respond to the show cause order.

        "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a

1

court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. Petitioner's failure to prosecute this action has impacted the ability of the court to expeditiously resolve this action as well as the court's need to manage its docket. Petitioner's failure to respond to court orders suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which petitioner demonstrates no intention to pursue.

Under the circumstances of this case, the third factor, prejudice to respondent from petitioner's failure to oppose the motion, also favors dismissal. The fifth factor also favors dismissal. The court has granted petitioner ample opportunities to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. However, for the reasons set forth supra, the first, second, third, and fifth factors strongly support dismissal. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 27, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gar1166.dis